FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADVANCED BUILDING & FABRICATION, INC., a California corporation; ROBERT HONAN, *Plaintiffs-Appellees*, <br><br> v. <br><br> CALIFORNIA HIGHWAY PATROL; JOHN WILSON, *Defendants*, <br><br> and <br><br> CURTIS AYERS, *Defendant-Appellant.* | No. 17-16618 <br><br> D.C. No. 2:13-cv-02380-MCE-CKD <br><br><br> OPINION |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted December 19, 2018
San Francisco, California

Filed March 13, 2019

Before:  Milan D. Smith, Jr. and Jacqueline H. Nguyen,
Circuit Judges, and Jane A. Restani,[*] Judge.

Opinion by Judge Nguyen

## SUMMARY[**]

### Civil Rights

The panel affirmed the district court's denial, on summary judgment, of qualified immunity to Curtis Ayers, a former employee of the California State Board of Equalization, in an action brought against him by plaintiff Robert Honan and his business alleging Ayers violated clearly established law by participating in a search of plaintiff's business following an altercation between Ayers and plaintiff.

Ayers, who had mistaken plaintiff's business for another business, arrived at plaintiff's premises without an appointment, and identified himself as a Board of Equalization employee, but did not present his ID badge. A verbal altercation ensued and Ayers alleged that as he was leaving, plaintiff tackled him and pushed him through the door, resulting in Ayers dropping and damaging his laptop. Ayers reported the incident and the California Highway Patrol subsequently obtained a search warrant to search the

---

[*] The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

premises of plaintiff's business on the grounds that plaintiff committed felony threats and vandalism against Ayers. California Highway Patrol executed the warrant and Ayers participated in the search, during which he allegedly searched through plaintiff's personal property.

Plaintiff sued Ayers and other defendants, including California Highway Patrol officers, alleging claims for state-law conversion and other tort claims, as well as a federal claim under 42 U.S.C. § 1983. The panel affirmed the denial of qualified immunity to Ayers and resolved the remaining claims against the other defendants in concurrently filed memorandum dispositions.

The panel rejected Ayers' contention that there was no Fourth Amendment violation because California law permits State Board of Equalization employees to request inspection of sales records from any business, and that therefore his participation in the search would qualify under the "administrative search" exception to the warrant requirement. The panel held that none of the state provisions cited by Ayers authorized forcible entry or searches. Moreover, even assuming that state law permitted warrantless inspections of business records, the intrusive search here would not withstand scrutiny under the Fourth Amendment. The panel further held that Ayers's presence was not necessary to aid in the officers' execution of the warrant, which had the purpose of seizing evidence relating to allegations of criminal threats and vandalism. Because Ayers's presence was not related to the objective of the search warrant, his conduct violated plaintiff's Fourth Amendment rights. The panel remanded for further proceedings consistent with the panel's opinion.

## COUNSEL

Michael von Loewenfeldt (argued) and Daniel J. Veroff, Kerr & Wagstaffe LLP, San Francisco, California, for Defendant-Appellant.

Polly J. Estes (argued), Estes Law Group, San Rafael, California, for Plaintiffs-Appellees.

## OPINION

NGUYEN, Circuit Judge:

Curtis Ayers, a former employee of the California State Board of Equalization ("BOE"), appeals the district court's denial of qualified immunity in a suit brought against him by Plaintiffs Robert Honan and his business, Advanced Building & Fabrication, Inc. ("Advanced Building"). The allegations in the complaint stem from an altercation between Ayers and Honan, which led to the execution of a search warrant at Advanced Building by officers of the California Highway Patrol ("CHP"). Honan contends that Ayers violated clearly established law by participating in the search. We agree. Because the administrative search exception does not apply and Ayers's presence was not necessary to aid in the officers' execution of the warrant, we affirm the district court's denial of qualified immunity.[1]

---

[1] Honan sued numerous other defendants in addition to Ayers, including CHP Officer John Wilson and the CHP itself. Citing numerous factual disputes, the district court denied summary judgment and immunity to all the defendants. We address only Ayers's appeal of the denial of qualified immunity in this opinion, and resolve the remaining

# I.

# BACKGROUND

Robert Honan owns and operates Advanced Building, a metal fabrication business that makes metal machines and specialized metal parts. On May 7, 2012, Curtis Ayers, who at that time was employed by the BOE, arrived at Advanced Building without a prior appointment. Ayers identified himself as a BOE employee, but he did not present his ID badge and had mistaken Advanced Building for another business. Honan suspected Ayers of a "fraudulent scam" and, after a brief exchange of words, Honan told Ayers to "Get the F* out."

The parties dispute what happened next, but, as Ayers was leaving (or being thrown out of) the building, his laptop dropped and sustained damaged. According to Honan, Ayers must have heard Honan approaching and "became startled and stumbled out the exit door, falling to the ground." Ayers, on the other hand, claimed that Honan tackled him and pushed him through the door as he was leaving. In the process, Ayers alleges, the laptop flew out of his hands, the monitor broke, and the laptop was rendered inoperable.

Ayers contacted his supervisor, Dwayne Sims to report the incident. Sims recommended that Ayers contact the police, and they ultimately reported the incident to the CHP. CHP Officer John Wilson responded and interviewed Ayers. Officer Wilson subsequently detained Honan along the

---

claims of state law immunity raised by Ayers on appeal in a memorandum disposition filed concurrently with this opinion. Similarly, we resolve Officer Wilson's and the CHP's separate appeal, No. 17-16669, in a separately filed memorandum disposition.

highway, searched his truck, and interviewed him. Honan offered to discuss the incident and invited Officer Wilson and his partner back to Advanced Building. Honan gave them a tour of Advanced Building and "showed them some of the things Advanced was working on, including [an] ammunition reloader," and "a couple gold nuggets from [his] collection." The parties also dispute whether, during the tour, Honan claimed to Officer Wilson that he had surveillance video that would corroborate his version of the incident with Ayers.

Officer Wilson subsequently obtained a search warrant authorizing "any sheriff, marshal or police officer in the county of Butte" to lawfully search the premises of Advanced Building. To obtain the warrant, Officer Wilson recounted in an affidavit the events as described to him by both Ayers and Honan, and indicated that there was probable cause to believe that Honan committed felony threats and vandalism against Ayers. The warrant issued for officers to search for and seize (1) items "capable of storing . . . video and audio media," (2) "indicia proving [Honan's] ownership and control" of the business, and (3) "evidence of correspondence" that would corroborate the alleged felonies. Officer Wilson indicated to Sims that "he wanted us, me and Curtis [Ayers] to . . . complete the inspection" during the execution of the search warrant because it was "important that [the BOE] complete [their] inspection and not allow this business or owner to get away with anything." Sims accepted the invitation, and told Ayers that he would like the two of them to go during the search.

On May 30, 2012, the CHP executed the search warrant at Advanced Building. Sims and Ayers waited in the car until the CHP confirmed they could enter. They "did not assist the CHP in their search efforts nor were [they] asked

to do so," though Ayers did at one point identify Honan and show Officer Wilson where the assault occurred. Honan asserts that he saw Ayers searching through a file cabinet of personal records. Ayers acknowledged that he examined any "sales permits or records [they] saw," but denied taking or damaging any property. Honan alleges that a substantial amount of gold and silver was taken that day, as well as a number of additional items and personal effects.

Honan and Advanced Building collectively filed a complaint against the CHP, Officer Wilson, Ayers, and other unnamed individuals, alleging state-law claims for conversion and other tort claims, as well as a federal claim under 42 U.S.C. § 1983. Ayers moved for summary judgment, including on the grounds of federal- and state-law immunity. The district court denied summary judgment due to "overwhelming" material factual disputes, and Ayers and the other defendants timely appealed.

## II.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction under 28 U.S.C. § 1291 to review an order denying summary judgment on the grounds of qualified immunity. *Plumhoff v. Rickard*, 572 U.S. 765, 771–73 (2014). However, "the scope of our review over the appeal [in this context] is circumscribed." *George v. Morris*, 736 F.3d 829, 834 (9th Cir. 2013). We may not consider "a fact-related dispute about the pretrial record," that is, "whether or not the evidence in the pretrial record was sufficient to show a genuine issue of fact for trial." *Johnson v. Jones*, 515 U.S. 304, 307 (1995). Accordingly, we have jurisdiction only where "the issue appealed concerned, not which facts the parties might be able to prove, but, rather, whether or not certain given facts showed" that immunity

would apply. *See id.* at 311 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985)).

Here, although Plaintiffs' claim under § 1983 alleges a number of constitutional violations by Defendants, we consider just one issue: whether Ayers's participation in the May 2012 search at Advanced Building violated clearly established law. Ayers's claim of qualified immunity does not turn on the resolution of any factual dispute, and thus we have jurisdiction to review the district court's denial of qualified immunity.[2]

## III.

## DISCUSSION

To survive a claim of qualified immunity, the plaintiff must show: "(1) that the right was violated; and (2) that the right was clearly established at the time of the alleged misconduct." *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 946 (9th Cir. 2017).

## A.

Ayers argues that he did not violate Plaintiffs' Fourth Amendment rights because he claims California law permits a BOE employee to request inspection of sales records from any business, and his participation in the search would thus qualify under the "administrative search" exception to the

---

[2] Ayers suggested at oral argument that "it's not in the record here, [but] one of the reasons he was asked to come along [was] to show where the altercation occurred." Indeed, the record is silent as to this purported rationale, but instead confirms that the *purpose* of inviting Ayers and Sims was for them to "complete the inspection" of Advanced Building's business records.

warrant requirement. *See, e.g.*, Cal. Rev. & Tax Code §§ 7053–54; 18 Cal. Code Regs. § 1698(b)(1)). Ayers's reliance on these state provisions is a nonstarter because none of the state statutes or regulations on which he relies authorizes forcible entry or searches. For example, 18 Cal. Code Regs. section 1698(b)(1) merely mandates a taxpayer to "make available for examination . . . all records necessary to determine the correct tax liability." As Honan correctly points out, section 1698.5 (which immediately follows the section cited by Ayers) details the audit procedures and sets forth a process for conferring and providing requested documentation. *Id.* § 1698.5. The regulation even goes so far as to impose a duty on BOE staff to "not directly access the taxpayer's computer system if the taxpayer objects to such access, except in the case of a search warrant." *Id.* § 1698.5(b)(4)(D). Nowhere in the regulation is there broad authorization to conduct a warrantless search and seizure of business records without first requesting them from the business owner. Ayers acknowledges that, consistent with these regulations, BOE protocol if an inspector is asked to leave would be to "see if we can call back at a better time." Therefore, we conclude that Ayers's conduct is not authorized by any state statute or regulation.

Even assuming that state law permits warrantless inspection of business records, the intrusive search here would not withstand scrutiny under the Fourth Amendment. Ayers argues that "[a]dministrative searches of a commercial location pursuant to statute can present an exception to the general warrant requirement." However, his reading of precedent is too broad to support application of such an exception to the warrant requirement here. For example, in *New York v. Burger*, the Supreme Court considered the diminished privacy expectations for "pervasively regulated business[es]," upholding warrantless

inspections only where "necessary to further [the] regulatory scheme." 482 U.S. 691, 702 (1987) (alteration in original) (quoting *Donovan v. Dewey*, 452 U.S. 594, 600 (1981)). Similarly, in *United States v. Biswell*, the Court upheld a warrantless inspection of a federally licensed weapons dealer because "close scrutiny of [firearm] traffic is undeniably of central importance to federal efforts to prevent violent crime." 406 U.S. 311, 315 (1972).

Here, no analogously pervasive regulation or special governmental interest justifies a diminished expectation of privacy. Indeed, should Ayers be correct, it would seem that every business in California "selling tangible personal property" would be subject to a warrantless search at any time. *See* Cal. Rev. & Tax Code § 7054. We conclude that the "administrative search" exception does not apply to Ayers's presence at the search.

## B.

We next consider whether Ayers could nevertheless participate in the search at the invitation of the CHP. In *Wilson v. Layne*, the Supreme Court held that "it is a violation of the Fourth Amendment for police to bring . . . third parties into a home during the execution of a warrant when the presence of the third parties in the home was not in aid of the execution of the warrant." 526 U.S. 603, 614 (1999). There, police invited reporters on a "media ride-along" to execute arrest warrants at a private residence. *Id.* at 605, 607. The Court held that the reporters' presence constituted a violation of the plaintiff's Fourth Amendment rights because their presence "inside the home was not related to the objectives of the authorized intrusion." *Id.* at 611. The Court distinguished situations where the third parties "directly aided in the execution of the warrant," such as identifying stolen property that was the subject of the

warrant, conduct that "has long been approved by [the] Court and our common-law tradition." *Id.* at 611–12.  By contrast, the Court rejected the presence of third parties serving only to "further the law enforcement objectives of the police in a general sense," rather than the specific "purposes *of the search*." *Id.* at 612 (emphasis added).  The Court clarified that, in those situations, even if the police are lawfully present, "the violation of the Fourth Amendment is the presence of the [third party]." *Id.* at 614 n.2.

Under *Wilson*, Ayers's participation in the search violated Plaintiffs' Fourth Amendment rights.  The warrant issued for officers to search specifically for (1) items "capable of storing . . . video and audio media," (2) "indicia proving [Honan's] ownership and control" of the business, and (3) "evidence of correspondence" that would corroborate the alleged felonies against Ayers.  Ayers acknowledged that he "attend[ed] the search to complete the inspection" he had begun of Advanced Building's business licensing and tax records.  Such an inspection was obviously not "in aid of the execution of the warrant" to seize the above evidence relating to the allegations of criminal threats and vandalism.  *See Wilson*, 526 U.S. at 614.  Thus, because Ayers's presence was not "related to the objectives of the authorized intrusion," *see id.* at 611, his conduct violated Plaintiffs' Fourth Amendment rights.

Moreover, this right was "clearly established" following the Court's opinion in *Wilson* in 1999.  While the Supreme Court has cautioned against "defin[ing] clearly established law at a high level of generality," *see Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011), *Wilson* held explicitly that officers may not simply "bring members of the media *or other third parties* . . . during the execution of a warrant" unless it was "in aid of the warrant's execution."   526 U.S. at 614

(emphasis added).    Ayers argues that *Wilson* is not sufficiently specific because that case involved reporters, not other government agents.  He contends that his position as a government employee—one charged with inspecting business records—distinguishes him from the journalists at issue in *Wilson*.

In fact, his liability under § 1983 is premised on this very distinction: private citizens (like reporters) are not ordinarily liable under § 1983 for their presence during the execution of a search warrant because they are not state actors.  *See Brunette v. Humane Soc'y of Ventura Cty.*, 294 F.3d 1205, 1211 (9th Cir. 2002).  *Wilson* did not rest constitutionality on the third party's employer, but rather drew a bright line at whether their presence assisted execution of the warrant. The "contours of the right" here were "sufficiently clear that a reasonable official would understand that what he is doing violates that right."  *See Wilson*, 526 U.S. at 615 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).  And, although Ayers claims that he was "acting at the direction of his supervisor," he did not cite to any binding precedent holding that a supervisor's instruction would somehow obviate a clear constitutional violation.  Accordingly, we find that Ayers's conduct violated Plaintiffs' clearly established rights under *Wilson*.

## IV.

## CONCLUSION

Because the administrative exception to the warrant requirement does not apply, and Ayers's presence was not in aid of the execution of the search warrant, his presence and search violated Plaintiffs' clearly established constitutional rights.  We affirm the district court's denial of qualified

immunity and remand for proceedings consistent with this opinion.

**AFFIRMED.**