NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 23 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MALIK LANGHAM, | No. 24-7292 |
| Plaintiff - Appellee, | D.C. No. 4:22-cv-06284-YGR |
| v. | |
| JUSTIN NOYD, Patrol Officer, | MEMORANDUM[*] |
| Defendant - Appellant, | |
| and | |
| CITY OF UNION CITY, ELMORE SPENCER, Patrol Officer, | |
| Defendants. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted December 10, 2025[**]
San Francisco, California

Before: BUMATAY, JOHNSTONE, and DE ALBA, Circuit Judges.
Dissent by Judge BUMATAY.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Officer Justin Noyd appeals from the district court's denial of summary judgment on his qualified immunity claim and grant of summary judgment[1] for Malik Langham, proceeding pro se. Langham sued Officer Noyd under 42 U.S.C. § 1983 for violating Langham's Fourth Amendment rights by failing to timely obtain a search warrant for Langham's cell phone. Pursuant to the collateral order doctrine, we have jurisdiction under 28 U.S.C. § 1291 to consider an interlocutory appeal of an order denying qualified immunity at summary judgment. *Advanced Bldg. & Fabrication, Inc. v. Cal. Highway Patrol*, 918 F.3d 654, 657 (9th Cir. 2019). We may resolve only questions of law. *Id.* at 657–58. We review de novo the denial of qualified immunity at summary judgment, *San Jose Charter of Hells Angels Motorcycle Club v. City of San Jose*, 402 F.3d 962, 970 (9th Cir. 2005), and we affirm.

1. Officer Noyd does not contest the district court's determination that there were no genuine disputes of material fact, so the reasonableness of his conduct "is a pure question of law." *Scott v. Harris*, 550 U.S. 372, 381 n.8 (2007). The 36-day delay was "longer than reasonably necessary" for Officer Noyd, "acting with diligence, to obtain [a search] warrant." *See Illinois v. McArthur*, 531 U.S. 326, 332 (2001); *United States v. Dass*, 849 F.2d 414, 414–15 (9th Cir. 1988)

---

[1] Because we affirm the district court's denial of qualified immunity, we conclude that we lack pendent jurisdiction over the grant of summary judgment for Langham. *See Cunningham v. Gates*, 229 F.3d 1271, 1285–86 (9th Cir. 2000).

(holding that 7 to 23-day delays between warrantlessly seizing packages and securing search warrants were unreasonable and violated the Fourth Amendment). Langham had an undiminished possessory interest in his phone; he sought return of the phone on September 1, 2022, but his request was denied because Officer Noyd had not yet applied for a warrant.[2] *See Riley v. California*, 573 U.S. 373, 385 (2014) ("cell phones [] are now such a pervasive and insistent part of daily life that the proverbial visitor from Mars might conclude they were an important feature of human anatomy."); *cf. United States v. Sullivan*, 797 F.3d 623, 633 (9th Cir. 2015); *United States v. Johns*, 469 U.S. 478, 487 (1985). Officer Noyd offered evidence that he was busy. However, there is no evidence showing that Officer Noyd pursued the investigation into Langham or took any action to procure a search warrant before Langham asked for his phone's return. That the September 1, 2022 search warrant solely relied on facts known to Officer Noyd at the time he warrantlessly seized the phone on July 27, 2022, and was applied for and granted on the same day Langham asked for the phone back, shows that the delay could have been shorter if Officer Noyd had acted diligently. *See Dass*, 849 F.2d at 415.

2.     Langham satisfied his burden of showing a clearly established right. *See Emmons v. City of Escondido*, 921 F.3d 1172, 1174 (9th Cir. 2019). It was

---

[2]    Langham's phone was returned to him on November 28, 2022, pursuant to a court order.

clearly established that officers violate the Fourth Amendment if their lack of diligence in pursuing their investigation causes an unreasonable delay in obtaining a search warrant for warrantlessly seized property. *See United States v. Place*, 462 U.S. 696, 709 (1983) (noting that in assessing whether the length of detention was reasonable, "we take into account whether the police diligently pursue[d] their investigation."); *Dass*, 849 F.2d at 414–15 (determining that the delays in securing search warrants were unreasonable because the delays would have been shorter "had the police acted diligently."); *cf. McArthur*, 531 U.S. at 332 (holding that a two-hour delay under the exigent circumstance warrant exception was reasonable because the "time period was no longer than reasonably necessary for the police, acting with diligence, to obtain the warrant.").

**AFFIRMED.**

*Langham v. Noyd, et al.*, No. 24-7292
BUMATAY, Circuit Judge, dissenting:

Even if failing to obtain a search warrant for a cellphone within 36 days violated Malik Langham's Fourth Amendment right, no case provides "clearly established law," and so Officer Justin Noyd is entitled to qualified immunity. *See Pearson v. Callahan*, 555 U.S. 223, 227 (2009).

Union City Police Department Officers pulled over Langham for a series of traffic violations. During the stop, Officer Noyd learned that Langham had a suspended California driver's license and an outstanding warrant for failure to appear based on various firearms charges. Before towing the vehicle, the officers found a gun without a serial number, and an illegal large capacity magazine in the center console. Officer Noyd also found Langham's cellphone and seized it, believing it might contain evidence of his illegal firearms or other criminal activity. Thirty-six days after the initial traffic stop, Langham came to the Union City police department to request his phone. That same day, a detective in the police department completed a search warrant, which was signed and approved by a magistrate judge later that same day.

Officer Noyd blames the delay in obtaining the search warrant on the increase in violent crime and shootings in Union City. He explained that he could not draft the search warrant because of his many roles in the police department. Langham

doesn't rebut any of these facts. And he hasn't offered any evidence that the delay in returning the phone caused him any hardship.

The Supreme Court has repeatedly admonished lower courts for reading clearly established law "at a high level of generality." *Ashcroft v. al–Kidd,* 563 U.S. 731, 742 (2011). Especially in the Fourth Amendment context, we are looking for cases that establish bright lines for officers to easily follow. General statements of the law are incapable of giving this fair notice to officers. *White v. Pauly*, 580 U.S. 73, 79 (2017).

The district court cited no case to support that the officer's conduct violated clearly established law, only citing *Riley v. California* to explain that cellphones are a "pervasive and insistent part of daily life." 573 U.S. 373, 388 (2014). That's obviously not enough.

And none of the cases cited by the majority provide clearly established law. Start with *United States v. Place*. The only issue in that case was, as the Court itself saw it, "whether the Fourth Amendment prohibits law enforcement authorities from temporarily detaining personal luggage for exposure to a trained narcotics detection dog on the basis of reasonable suspicion that the luggage contains narcotics." 462 U.S. 696, 697–98 (1983). You'll notice that almost none of that has any resemblance to this case. Indeed, the Court focused almost entirely on whether a seizure could be done with less than probable cause. Without probable cause, the Court held the

90-minute seizure of the defendant's luggage was unreasonable. *Id.* at 709. The Court provided only the broadest of general rules: "[I]n assessing the effect of the length of the detention, we take into account whether the police diligently pursue their investigation." *Id.* Indeed, the Court expressly disclaimed providing "any outside time limitation" for permissible seizures. *Id.* Our case deals with a different question: how long may an officer reasonably delay obtaining a search warrant for a cellphone seized with probable cause when the officer has other law enforcement duties and the defendant never seeks the phone's return for 36 days? *Place* doesn't answer that question.

*MacArthur* is also not on point. In that case, the Court considered whether police officers may prevent a man believed to hiding marijuana in his home from entering his home for two hours while they obtained a search warrant. *Illinois v. McArthur*, 531 U.S. 326, 328 (2001). The Court blessed the police action because of the exigency of the circumstances. *Id.* at 332. One factor in this analysis was the "limited period of time" of the restraint at issue. *Id.* The Court observed, *as a matter of fact*, "[a]s far as the record reveals, this time period was no longer than reasonably necessary for the police, acting with diligence, to obtain the warrant." *Id.* This was not announcement of a brightline rule. It is simply an observation that, of course, taking "no longer than reasonably necessary" would not violate the Fourth Amendment. It provided no boundaries on what's an impermissible time.

Finally, there's *United States v. Dass*, 849 F.2d 414, 415 (9th Cir. 1988). *Dass* does offer a brightline rule—but that rule has nothing to do with this case. *Dass* suggested there is a 29-hour "outer limit" for obtaining a search warrant to search seized mailed packages. *Id.* *Dass* then ruled that the search in that case "far exceeded the 29 hours" rule. *Id.* Of course, *Dass* found that the "delays could have been much shorter . . . if the police had acted diligently." *Id.* But it was the "outer limit" holding driving its decision. And no one—even the majority—suggests that Officer Noyd needed to obtain the search warrant for the phone within 29 hours.

Thus, these cases don't clearly establish that Officer Noyd violated Langham's Fourth Amendment right. And in fact, other cases point against this conclusion. *See United States v. Sullivan,* 797 F.3d 623, 634–35 (9th Cir. 2015) ("An individual who . . . never sought return of the property has not made a sufficient showing that the delay was unreasonable.") (simplified).

We should have reversed and granted qualified immunity to Officer Noyd. I respectfully dissent.